# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SUN CITY EMERGENCY ROOM, LLC, d/b/a EL PASO EMERGENCY ROOM and SUN CITY WEST EMERGENCY ROOM, LLC, d/b/a EL PASO WEST EMERGENCY ROOM <br><br> v. <br><br> ROBERT JOSEPH PHELAN, III, and JACK BUTLER | § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 3:23-CV-1785-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiffs' Motion to Remand ("Motion") [ECF No. 5]. The Court has reviewed and considered the Motion, Defendants' Response in Opposition to Plaintiffs' Motion to Remand ("Response") [ECF No. 6], and Plaintiffs' Reply in Support of Their Motion to Remand ("Reply") [ECF No. 8]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I. BACKGROUND

Plaintiffs Sun City Emergency Room, LLC, d/b/a El Paso Emergency Room and Sun City West Emergency Room, LLC, d/b/a El Paso West Emergency Room own and operate two emergency room facilities in El Paso, Texas. Mot. 2. Defendants Dr. Robert Joseph Phelan, III, and Dr. Jack Butler were members of Plaintiffs and served as two of Plaintiffs' managers until early 2023. Pls.' Original Pet. ("Pet.") [ECF No. 1-3] ¶¶ 11-12, 19.

Plaintiffs allege that Defendants and two other physicians formed Quantas Healthcare Management, LLC ("Quantas") in 2017. *Id.* ¶ 14. Defendants were Quantas's sole managers, and Dr. Phelan also served as Chief Executive Officer of Quantas. *Id.* ¶¶ 14, 31. Quantas "manage[s] the commercial affairs" of freestanding emergency rooms throughout Texas. *Id.* ¶ 17. Plaintiffs

contracted with Quantas to "help plan, organize, coordinate, and direct all administrative functions of [Plaintiffs]." *Id.* ¶¶ 15-16. This agreement was memorialized in two Management Services Agreements ("MSAs"), one for each Plaintiff. *Id.*

Plaintiffs' allegations in this case stem from Defendants "promot[ing] their personal interests in Quantas above the needs of [Plaintiffs] to whom they owed fiduciary duties." *Id.* ¶ 18; *see also id.* ¶ 20 ("[Defendants] committed irresponsible and/or self-interested acts of misconduct that fell well below the required standard of care . . . ."). Specifically, as relevant to the Motion, Plaintiffs allege that Defendants allowed Quantas to misappropriate Plaintiffs' intellectual property. *Id.* ¶¶ 28-31. In 2017, a law firm filed a trademark application for the SUN CITY EMERGENCY ROOM composite logo ("Sun City Logo") on Plaintiffs' behalf. *Id.* ¶ 28. Plaintiffs claim that "Dr. Phelan and/or his agents, acting on behalf of Quantas," instructed the law firm to file the application. *Id.* The next year, the same law firm recorded an assignment of the Sun City Logo and corresponding application from Plaintiffs to Quantas ("Trademark Assignment"). *Id.* ¶ 29. After the trademark issued, Plaintiffs allege that "Dr. Phelan and/or his agents, acting on behalf of Quantas," executed two trademark license agreements ("License Agreements") purportedly licensing use of the Sun City Logo to Plaintiffs. *Id.* ¶ 30. Dr. Butler signed the License Agreements on behalf of Plaintiffs. *Id.* Plaintiffs claim that none of their members—other than Defendants—knew "that Quantas'[s] managers and in-house counsel had secretly obtained and licensed back to [Plaintiffs] the [trademarks] that [Plaintiffs] had been using since inception." *Id.*

In 2023, Plaintiffs' members voted to remove Dr. Phelan as a manager and CEO, and both MSAs with Quantas were terminated. *Id.* ¶ 32. Shortly thereafter, Dr. Phelan sent a letter to Plaintiffs notifying them of the Trademark Assignment and terminating the License Agreements. *Id.* ¶ 33. In the same letter, Dr. Phelan issued a cease and desist, informing Plaintiffs that Quantas

was willing to license the trademarks to Plaintiffs in exchange for $24,000 per month per Plaintiff. *Id.* ¶ 34. Dr. Butler resigned as a manager of Plaintiffs around the same time. *Id.* ¶ 35. Plaintiffs then rebranded from "'Sun City' emergency rooms" to "'El Paso' emergency rooms." *Id.* ¶ 36.

On April 27, 2023, Quantas filed a trademark infringement lawsuit against Plaintiffs in the United States District Court for the Northern District of Texas ("Quantas Lawsuit"). Resp. 2-3; *Quantas Healthcare Mgmt., LLC v. Sun City Emergency Room, LLC*, No. 3:23-cv-00891-K (N.D. Tex. Apr. 27, 2023). Plaintiffs filed an answer that includes counterclaims against Quantas for, inter alia, breach of fiduciary duties and fraud by nondisclosure. Resp. 3. In the Quantas Lawsuit, Plaintiffs also seek declaratory relief establishing Sun City Emergency Room, LLC, as the owner of the Sun City Logo.[1] *Id.*

Plaintiffs filed the instant case in state court on June 26, 2023. *See* Pet. Plaintiffs brought state law claims for breach of fiduciary duties, fraud, civil theft, conversion, and money had and received. *Id.* ¶¶ 43-72. Defendants removed the case on August 10, 2023. *See* Defs.' Notice of Removal [ECF No. 1].

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the

---

[1] On October 2, 2023, Quantas filed a motion to consolidate this case and the Quantas Lawsuit. Plaintiff's Opposed Motion to Consolidate Related Actions, *Quantas Healthcare Mgmt., LLC*, ECF No. 40. On October 27, 2023, the court denied Quantas's motion to consolidate without prejudice. *Quantas Healthcare Mgmt., LLC*, ECF No. 46.

3

contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

### III. ANALYSIS

It is undisputed that the parties are not diverse and that the Petition only includes state law causes of action. However, Defendants advance two lines of reasoning in support of their argument that subject-matter jurisdiction exists. First, Defendants argue that Plaintiffs' breach of fiduciary duty and fraud claims arise under federal law because they involve a federal trademark and could impact the infringement claims in the Quantas Lawsuit. Resp. 5-10. Second, Defendants argue that the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims because they form part of the same controversy as the claims in the Quantas Lawsuit. *Id.* at 10-11. The Court will analyze Defendants' arguments in reverse order before turning to Plaintiffs' request for an award of attorney's fees.

#### *A. Motion to Remand*

Citing 28 U.S.C. § 1367, Defendants argue that "federal courts can hear claims lacking independent jurisdiction . . . if the claims are joined with a related federal claim arising from the same event or series of events." Resp. 10 (citation omitted). Following Defendants' reasoning, because this case is related to the Quantas Lawsuit, which is properly in federal court, the Court has supplemental jurisdiction over Plaintiffs' claims in this case. However, Defendants disregard

4

binding precedent holding that supplemental jurisdiction does not provide a basis for removal of a lawsuit when the federal court does not have original jurisdiction.

The removal statute allows for removal of civil actions "of which the district courts of the United States have ***original jurisdiction***." 28 U.S.C. § 1441(a) (emphasis added). Section 1367, in turn, provides for supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But supplemental jurisdiction is not original jurisdiction. *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003) (citing, among other sources, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002)). Therefore, where neither a federal question nor complete diversity supports removal, Section 1367 "cannot fill the void." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). "Removal is governed by statute, and invocation of [supplemental] jurisdiction . . . does not dispense with the need for compliance with statutory requirements." *Syngenta*, 537 U.S. at 34. As such, even assuming arguendo that Plaintiffs' state law claims are sufficiently related to the claims in the Quantas Lawsuit, Defendants could not properly remove this lawsuit on the basis of supplemental jurisdiction. *See Energy Mgmt. Servs., LLC*, 739 F.3d at 260 ("That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441." (alteration in original) (citation omitted)). Instead, the Court must analyze whether this case, standing alone, falls within its original jurisdiction.

No federal question appears on the face of the Petition. But federal courts may exercise original jurisdiction over all civil actions "arising under" federal law, 28 U.S.C. § 1331, and, more specifically, all civil actions "arising under any Act of Congress relating to . . . trademarks," 28 U.S.C. § 1338(a). The Supreme Court has "interpreted the phrase 'arising under' in both sections

5

identically." *Gunn*, 568 U.S. at 257 (citation omitted). Under the standard set forth in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), "even when a state court petition pleads only state law causes of action," an action arises under federal law "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Box v. PetroTel, Inc.*, 33 F.4th 195, 198, 201 (5th Cir. 2022) (citation omitted). "The category of cases that satisfy these requirements is 'special and small.'" *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (citation omitted).

Applying the standard set forth in *Uptown Grill, L.L.C. v. Shwartz*, 817 F.3d 251, 256 (5th Cir. 2016), Defendants claim that the Court has subject-matter jurisdiction. Defendants rely on *Uptown Grill* for the proposition that

> [f]ederal question jurisdiction exists over a declaratory judgment action based on trademarks where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" and where the alleged infringer is actively engaged in conduct that could constitute trademark infringement.

*Id.* (quoting *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009)). Defendants argue that Plaintiffs' breach of fiduciary duty and fraud claims arise under federal law because Quantas's trademark infringement claims in the Quantas Lawsuit "could be undermined if Plaintiffs . . . are successful in their breach of fiduciary duty and fraud by nondisclosure claims in this case." Resp. 7.

Defendants, however, ignore a critical distinction between *Uptown Grill* and the instant case: *Uptown Grill* was a declaratory judgment action, and the *Uptown Grill* analysis is necessarily limited to that unique context. In declaratory judgment actions, courts look to the claim the defendant could have brought, rather than the claim brought by the plaintiff, because "[a] plaintiff

6

cannot evade the well-pleaded complaint rule by using the declaratory judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law." *New Orleans v. Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008) (citation omitted); *see also M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 676 (5th Cir. 2014) ("In declaratory-judgment cases, we determine federal-question jurisdiction from the face of the well-pleaded complaint in the coercive action the declaratory-judgment defendant could have brought." (citation omitted)). This case, by contrast, does not involve a declaratory judgment claim and was not brought against the party claiming infringement. Accordingly, *Uptown Grill* is inapplicable. *See, e.g.*, *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (applying *Grable* factors to determine whether legal malpractice case involving trademark arose under federal law).

Applying the four *Grable* factors, the Court concludes that Plaintiffs' breach of fiduciary duty and fraud claims do not arise under federal law. With respect to the first claim, Plaintiffs allege that Defendants breached their fiduciary duties by facilitating the assignment of the Sun City Logo to Quantas for their own benefit. Pet. ¶¶ 45-46. With respect to the second claim, Plaintiffs allege that Defendants committed fraud by nondisclosure by failing to disclose Quantas's ownership of the Sun City Logo and the assignment of the Sun City Logo to Quantas. *Id.* ¶ 53.

The Court will assume without deciding that the breach of fiduciary duty and fraud claims necessarily raise a federal issue. But any federal issue that may arise is not actually disputed. The Court has found no indication in the pleadings or briefing that Defendants claim ownership rights in the Sun City Logo. Rather, the parties agree that the ownership dispute persists between Plaintiffs and Quantas. Mot. 4; Resp. 8. Plaintiffs' claims only implicate Defendants' alleged actions surrounding the Sun City Logo to the extent they constitute self-dealing and fraud by virtue

of Defendants' relationship to Plaintiffs. Pet. ¶¶ 43-56. As such, any federal trademark issues are not "actually disputed" in this case between these parties. *Box*, 33 F.4th at 201.

Turning to the third factor, the Court determines that any disputed federal issue is not substantial. "Instead, the federal issue is predominantly one of fact"; namely, the circumstances surrounding the assignment of the Sun City Logo to Quantas. *Singh*, 538 F.3d at 339. "[T]hat issue does not require 'resort to the experience, solicitude, and hope of uniformity that a federal forum offers.'" *Id.* (quoting *Grable*, 545 U.S. at 312). Moreover, "[a] federal issue cannot be substantial . . . when the only controverted legal issues will necessarily be resolved under state law." *Kirk v. Palmer*, 19 F. Supp. 3d 707, 711-12 (S.D. Tex. 2014). Plaintiffs' allegations touch only on the Trademark Assignment and Defendants' actions surrounding the same, which are governed by "state law fiduciary and contract principles." *Id.* at 712. Defendants' argument that a resolution in Plaintiffs' favor could impact Quantas's trademark infringement claim does not change the outcome. A "dispute over property ownership does not properly fall under federal law just because the property is a federally-created interest like a trademark." *Id.* at 711 (citing *Gibraltar, P.R., Inc. v. Otoki Grp., Inc.*, 104 F.3d 616, 619 (4th Cir. 1997); *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567 (Fed. Cir. 1997)); *see also Duncan v. Freeman*, No. 3:14-CV-1827-G, 2014 WL 5286619, at *3 (N.D. Tex. Oct. 15, 2014) ("Whenever a federally created property interest is under dispute, parties can easily recharacterize almost any state law claim as a claim supposedly 'deserving' federal jurisdiction. Thus, before allowing a state law claim in federal court, a court must identify a *substantial* federal issue presented by the claim." (citing *Grable*, 545 U.S. at 314)).

As to the fourth factor, exercising jurisdiction here would disrupt the balance between state and federal courts. "If federal question jurisdiction existed over any claim concerning the ownership of a . . . trademark, the federal docket would be flooded with cases presenting

8

insubstantial questions of federal law." *Duncan*, 2014 WL 5286619, at *6. Therefore, Plaintiffs' claims do not arise under federal law, and the Court must remand this case to state court.

### B. Request for Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs request an award of the attorney's fees they incurred in connection with Defendants' removal of this case. Mot. 10. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, courts may award attorney's fees under this provision only when the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Although the Court holds that removal was improper in this case, the Court is unable to conclude that Defendants lacked an objectively reasonable basis for removing this case. Accordingly, the Court denies Plaintiffs' request for attorney's fees.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Remand [ECF No. 5]. The Court **GRANTS** the Motion as to the request to remand the case and **DENIES** the Motion as to the request for attorney's fees and costs. This case is **REMANDED** to the 192nd Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED January 29, 2024.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**